**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTENEH GIRMA ZELEKE,

                     Petitioner,

   vs.

PAMELA BONDI, *et al*.,

                  Defendants.

Case No.: 2:26-cv-01742-GMN-BNW

**SERVICE AND APPOINTMENT OF COUNSEL ORDER**

Petitioner Anteneh Girma Zeleke, an immigration detainee, who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. (ECF Nos. 1, 1-1, 1-2). The Court finds that good cause exists to grant the IFP application. The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1] And, following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] the Court also finds that the Petition establishes a *prima facie* case for relief, so the Court directs that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule.

Accordingly,

**IT IS HEREBY ORDERED** that the IFP application (ECF No. 1) is **GRANTED**.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

[2] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (ECF No. 1-2) is **GRANTED**.  The Federal Public Defender for the District of Nevada is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within **3 days of the date of this Order**.  If the Federal Public Defender is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

Moreover, the Court finds that ordering Respondents to produce documents relevant to the lawfulness of Petitioner's detention is necessary for the Court to "dispose of the matter as law and justice require." *See Harris v. Nelson*, 394 U.S. 286, 290 (1969).  Therefore, **IT IS FURTHER ORDERED** that Federal Respondents must **PRODUCE** the following documents to Petitioner's Counsel within **7 days of the date of this Order**: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings.[3]  Alternatively, Federal Respondents may **CERTIFY** that any of the listed documents are not in their custody or control.

**IT IS FURTHER ORDERED** that Petitioner's Counsel must file an Amended Petition (or indicate that an amended petition is unnecessary) within **14 days of the date of this Order**.  The Federal Public Defender shall effectuate service of the Amended Petition on the Respondents.

---

[3] Under Rule 6 of the Rules Governing § 2254 Cases—which the Court, in its discretion, applies to this § 2241 matter, *see* § 2254 Rule 1(b)—the Court finds good cause to order Federal Respondents to produce relevant documents in their possession, custody, or control. *See* § 2254 Rule 6(a).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to:

1. **SEAL** the IFP Application, Petition, and Motion for Appointment of Counsel (ECF No. 1, 1-1, 1-2), due to the personal-data identifiers and/or sensitive information contained therein. *See* Fed. R. Civ. P. 5.2(a); *see also* LR IC 6-1(b).

2. **FILE** a redacted copy of the IFP Application, Petition, and Motion for Appointment of Counsel on the docket.

3. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party.  Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

4. **SEND** a copy of the Petition (ECF No. 1-1) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

5. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060. The Clerk of Court is kindly directed to send, through CM/ECF, a copy of the Petition and Order to his attorney Ashley Hesman at ahesman@strucklove.com.

**IT IS FURTHER ORDERED** that the United States Attorney's Office for the District of Nevada file a notice of appearance within **7 days of the date of this Order** and file and serve their answer to the Amended Petition within **7 days of service** of the counseled Amended Petition, unless additional time is allowed for good cause shown.  Petitioner will then have **7 days to file a reply**.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension, if possible.  Any motion

for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2. The Court is not inclined to look favorably on requests for extensions beyond the first request.

**IT IS FURTHER ORDERED** that the parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the court, unless the court orders otherwise. The parties are instructed to file documents in compliance with the text and spirit of LR IC 6-1 and Federal Rule of Civil Procedure 5.2(a) by redacting birth dates, fingerprints, A-Numbers, passport numbers, and any other personal-data identifiers or sensitive information where applicable. **IT IS FURTHER ORDERED** that parties filing a redacted filing must also file an unredacted copy under seal for the Court's records. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); *see also* LR IC 6-1(b).

**IT IS FURTHER ORDERED** that in order to maintain jurisdiction and provide a prompt resolution, the Respondents shall not transfer Petitioner out of this District unless the Court grants a motion or stipulation to modify this order.[4]

**DATED** this ___9___ day of June, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").